UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **KATRINA MCEWEN,**<br><br>　　　　　　　　　Plaintiff,<br> -vs-<br><br>**NORTHSTAR LOCATION SERVICES, LLC**<br><br>　　　　　　　　　Defendant. | *Civil Action No.* _____ |

### COMPLAINT & DEMAND FOR JURY TRIAL

#### INTRODUCTION

1. Plaintiff McEwen brings this action for actual and statutory damages resulting from the Defendant's various violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA"), a law that prohibits debt collectors from using abusive, deceptive, and unfair practices in an attempt to collect a debt.

#### JURISDICTION & VENUE

2. This honorable Court possesses jurisdiction over this matter pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. § 1331.

3. Additionally, venue in this district arises pursuant to 28 U.S.C. §1391(b) since the Defendant transacts business here and the conduct complained of occurred here.

#### PARTIES

4. Plaintiff Katrina McEwen is a natural person residing in the County of Erie, State of New York, and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant Northstar Location Services, LLC, (hereinafter "NLS") is a domestic limited liability company organized and existing under the laws of the State of New York and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Any and all acts of the Defendant hereinafter alleged were performed by Defendant's employees, while under the scope of the Defendant's actual or apparent authority.

7. Any and all references to "Defendant" herein shall include the Defendant and/or an employee of the Defendant.

**FACTUAL ALLEGATIONS**

8. That Plaintiff McEwen allegedly incurred and later allegedly defaulted on a debt to Discover Bank. Said alleged debt will hereinafter be referred to as "the subject debt."

9. The subject debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5), as it allegedly arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes.

10. That upon information and belief, Defendant NLS was employed by Discover Bank in order to collect payment on the subject debt.

11. That on or about January 18, 2011, Defendant NLS called Plaintiff McEwen by telephone. During the course of the telephone conversation that ensued, Defendant NLS failed to provide meaningful disclosure of their identity and otherwise failed to make disclosures required by 15 U.S.C. §1692e(11).

12. That also during the course of the aforementioned telephone call, Defendant NLS declared that they required payment for the alleged Discover Bank debt, proclaiming that it was approximately $2,000.00. At that time, Plaintiff McEwen disputed the alleged subject debt balance and requested validation of the same. Rather than acknowledging Plaintiff's dispute, Defendant NLS instantly became very forceful and aggressive with Plaintiff and threatened that her refusal to pay Defendant would result in the seizure of her tax refund.

13. That despite Defendant NLS's aforementioned threat, they lacked the intent and authority to take Plaintiff McEwen's tax refund away from her. Instead, it is believed that Defendant NLS made the aforementioned threat in direct response to Plaintiff's dispute and request for validation in the hopes that it would coerce her to pay the debt.

14. That also during the course of the aforementioned telephone conversation, Defendant's representative became extremely rude and sarcastic with Plaintiff McEwen, repeatedly belittling her. Among other things, Defendant repeatedly asked Plaintiff if she was lying and making comments such as "I don't know whether to believe you or not." As the aforementioned conversation continued, Defendant proclaimed that Plaintiff McEwen was only disputing the subject debt because she "[didn't] want to own up to [her] responsibilities and pay [her] debts." Just before the conclusion of the call, Defendant asked Plaintiff whether she was "wasting [his] time" and when she attempted to answer, he hung up the telephone mid-sentence.

15. That Plaintiff McEwen was also never served with a written notice of the subject debt or her rights as a "consumer" as required by 15 U.S.C. §1692g(a).

16. That as a result of Defendant's abusive, deceptive and unfair conduct, Plaintiff McEwen became very upset, frustrated, aggravated, angered, frightened, worried, nervous, anxious and otherwise suffered from emotional distress.

## **CAUSE OF ACTION**

17. The aforementioned acts and omissions of the Defendant have violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

18. Defendant violated 15 U.S.C. §1692d, 15 U.S.C. §1692d(2) and 15 U.S.C. §1692f by using language the natural consequence of which was to abuse the hearer, by:
    a. Instantly becoming very forceful and aggressive with Plaintiff,
    b. Threatening that refusal to pay the subject debt would result in the seizure of her tax refunds,
    c. Becoming extremely rude and sarcastic with Plaintiff,
    d. Belittling Plaintiff McEwen,
    e. Asking her if she was lying and making comments such as "I don't know whether to believe you or not,"
    f. Proclaiming that Plaintiff was solely disputing the debt because she "[didn't] want to own up to [her] responsibilities and pay [her] debts," and
    g. By first asking Plaintiff if she was "wasting [his] time" and then hanging up on Plaintiff mid-reply.

19. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(6) by failing to provide meaningful disclosure of the Defendant's identity during the telephone call described above.

20. Defendant violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(2)(A), 15 U.S.C. §1692e(4), 15 U.S.C. §1692e(5), 15 U.S.C. §1692e(10) and 15 U.S.C. §1692f by threatening that Plaintiff McEwen's refusal to pay the subject debt would result in the seizure of her tax refunds.

21. Defendant violated 15 U.S.C. §1692e and 15 U.S.C. §1692e(11) by failing to disclose in their communication that Defendant was a debt collector attempting to collect a debt and that any information obtained would be used for that purpose.

22. Defendant violated 15 U.S.C. §1692g(a) by failing to provide Plaintiff with written notice of the subject debt and her rights as a "consumer" within five (5) days of their communication.

23. Because of the Defendant's various aforementioned violations of the FDCPA, Plaintiff McEwen became very upset, frustrated, aggravated, angered, frightened, worried, nervous, anxious and otherwise suffered from emotional distress..

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff McEwen respectfully requests that this honorable Court enter judgment against the Defendant for:

(a) Actual damages, pursuant to 15 U.S.C. §1692k(a)(1);

(b) Statutory damages of $1,000.00, pursuant to 15 U.S.C. §1692k(a)(2)(A);

(c) Costs and disbursements of this action, together with reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3); *and*

(d) For any and all additional relief as this honorable Court may deem just and proper.

## JURY DEMAND

Please take notice that Plaintiff demands a trial by jury in this action.

Date: January 27, 2011

/s/Frank J. Borgese
Frank J. Borgese, Esq.
Graham Law, P.C.
*Attorneys for the Plaintiff*
1207 Delaware Ave., Suite 202
Buffalo, New York 14209
fborgese@grahamlawpc.com
716.200.1520